USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, and THE CARPENTER CONTRACTOR
ALLIANCE OF METROPOLITAN NEW
YORK,

                                    Petitioners,

                    -against-

RICI CORP.,

                                    Respondent.

25-cv-07769 (MKV)

ORDER GRANTING PETITION TO
CONFIRM AN ARBITRATION
AWARD

MARY KAY VYSKOCIL, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund (the "Funds"),

and the Carpenter Contractor Alliance of Metropolitan New York (the "Union") (collectively,

"Petitioners") seek confirmation of an arbitration award entered against Respondent Rici Corp.

("Respondent"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §

185.  For the reasons discussed below, the petition is GRANTED.

**BACKGROUND**

Petitioner Funds are "trustees of multiemployer labor-management trust funds organized

and operated in accordance with ERISA" and "[t]rustees of a charitable organization."  Petition to

Confirm Arbitration ¶¶ 4-5 [ECF No. 1] ("Pet.").  Petitioner Union is a New York not-for-profit

1

corporation.  Pet. ¶ 6.  Respondent Rici Corp. is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5) and section 501 of the Labor Management Relations Act, 29 U.S.C. § 142, and is a business corporation incorporated under the laws of the State of New Jersey.  Pet. ¶ 7.

Respondent executed a series of Affidavits of Project Labor Agreement and/or PLA LOAs ("PLAs") for various New York City School Construction Authority projects.  Pet. ¶ 11.  These PLAs bound Respondent to a collective bargaining agreement ("CBA") with the Union.  Pet. ¶ 17.  The CBA required Respondent to contribute money to the Funds.  Pet. ¶ 18.  The CBA also required Respondent "to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit."  Pet. ¶ 19.  Finally, the CBA bound Respondent to the policies adopted by the Funds.  Pet. ¶ 20.

One such policy was the "Revised Statement of Policy for Collection of Employer Contributions" (the "Collection Policy").  Pet. ¶ 21.  The Collection Policy provided for arbitration to resolve any disputes between Petitioners and Respondent, as an employer.  Pet. ¶ 22.  Both the CBA and the Collection Policy provided for an amount the Funds shall be entitled to collect if required to arbitrate a dispute or file a lawsuit over unpaid contributions.  Pet. ¶ 25.  The Collection Policy also provided that Respondent will be additionally responsible for damages including attorneys' fees if a matter proceeds to arbitration or litigation.  Pet. ¶ 26; *see* Pet., Ex. J, § IV (11) [ECF No. 1-10].

Petitioners conducted an audit of Respondent covering the period of April 1, 2022 through June 23, 2024 (the "Audit").  Pet ¶ 27.  The Audit revealed that Respondent had failed to remit contributions to the Funds in the principal amount of $31,337.40.  *See* Pet., Ex. K at 1 [ECF No. 1-11].  Respondent thereafter failed to pay the Audit findings.  Pet. ¶ 28.  Petitioners subsequently

initiated arbitration before a designated arbitrator under the Collection Policy.  Pet. ¶ 29.  The arbitrator mailed a "Notice of Hearing" to Respondent on March 10, 2025.  *See* Pet., Ex. L [ECF No. 1-12].  On April 9, 2025 the arbitrator held a hearing with respect to the dispute between Petitioners and Respondent.  Pet. ¶ 30; *see also* Pet., Ex. M at 1 [ECF No. 1-13] ("Arbitration Award" or "Arb. Award").  Respondent did not appear.  Arb. Award at 2.  On April 30, 2025, the arbitrator rendered his award in writing and concluded that Respondent violated the CBA by failing to remit fringe benefit monies due to the Funds and awarded Petitioners a total of $42,981.12, with interest to accrue at the annual rate of 9.5% from the date of the award.  Arb. Award at 2-3.

Petitioners ask this Court to confirm the Arbitration Award of $42,981.12, plus interest to accrue from April 30, 2025 at the annual rate of 9.5%.  Pet. ¶ 45.  Petitioners also seek $1,235 in attorneys' fees and $480 in costs in connection with the matter before this Court, and post-judgment interest at the statutory rate.  Pet. ¶ 45.  Petitioners served Respondent on October 23, 2025.  *See* [ECF No. 10].  Respondent has failed to appear in this action or respond to the Petition.

## LEGAL STANDARD

"Under [S]ection 301 of the Labor Management Relations Act, 29 U.S.C. § 185, federal courts have subject-matter jurisdiction over petitions to confirm labor arbitration awards."  *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. AMCC Indus., Inc.*, No. 23-221, 2023 WL 8800733, at *1 (2d Cir. Dec. 20, 2023) (summary order); *see also Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  Where, as here, a petition to confirm an arbitration award is unopposed, district courts treat the petition as an

unopposed motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006).

Even where a motion for summary judgment is unopposed, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Charles Schwab & Co. v. Winston*, No. 24 Civ. 10033 (PAE), 2025 WL 1135737, at *2 (S.D.N.Y. Apr. 17, 2025) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation modified). Further, when reviewing an arbitration award, a court may not replace "the arbitrator's view of the facts and the meaning of the contract" with its own view. *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Rather, a court should "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* An arbitral award should be confirmed as long as an arbitrator provides a "barely colorable" justification for the award. *See Charles Schwab & Co.*, 2025 WL 1135737, at *2 (S.D.N.Y. Apr. 17, 2025) (quoting *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)).

## DISCUSSION

### A. Confirmation of the Arbitration Award

The Court confirms the original Arbitration Award of $42,981.12, plus interest to accrue from April 30, 2025 at the annual rate of 9.5%. The text of the Collection Policy provides for arbitration of a dispute between the parties. *See* Pet., Ex. J § VI (1). In this case, the arbitrator acted within the scope of his authority when he found that Respondent violated the CBA by failing

4

to remit fringe benefit monies due to the Funds. *See* Arb. Award at 2. The arbitrator further explained how he reached an award of $42,981.12, and thus provided beyond a "barely colorable" justification for the award. *See* Arb. Award at 1-2.[1] Therefore, the petition is GRANTED.

## B. Attorneys' Fees

The Court grants Petitioners' request for attorneys' fees and costs related to this action. "[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorneys' fees and costs may be properly awarded." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819-20 (2d Cir. 2022) (quoting *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

Here, attorneys' fees and costs are appropriate because Respondent has not paid the Arbitration Award and has "failed to appear or respond in any way to defend this confirmation action." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Const. Grp., LLC*, No. 08 CIV. 9061 (RJS), 2009 WL 256009, at *3 (S.D.N.Y. Feb. 3, 2009). "[T]hus it is axiomatic that [Respondent] has offered no justification for its failure to abide by the Award." *Id.*; s*ee also Herrenknecht Corp. v. Best Rd. Boring*, No. 06 CIV. 5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorneys' fees and costs where party failed to satisfy arbitration award and subsequently did not oppose the petition to confirm).

Petitioners' seek $1,235 in attorneys' fees for 3.8 hours of work at a rate of $325 per hour. Pet. ¶¶ 41-45. Petitioners have attached time records reflecting the time spent and work done in support of its request. *See* Pet., Ex. O [ECF No. 1-15]. Petitioners also seek $480 in costs,

---

[1] This conclusion is not undermined by the fact that Respondent, who was provided notice, did not appear in the arbitration or in this action. *See Trs. of Metal Lathers Loc. 46 Pension Fund v. Regal USA Constr., Inc.*, No. 19 CV-3148 (JMF), 2019 WL 2270435, at *1 (S.D.N.Y. May 28, 2019) ("[T]he Court can confirm awards issued in arbitrations that Respondent choose [sic], after sufficient notice, not to appear in."); *see also Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428–30 (S.D.N.Y. 2008).

comprised of $75 in service fees and the $405 filing fee. Pet. ¶ 44. The requested costs and fees are reasonable and the sought-after rates reflect the rates negotiated between counsel and Funds. Pet. ¶ 42. Petitioners are sophisticated parties who frequently litigate petitions to confirm arbitration awards in this district. Additionally, other courts in this district have awarded similar costs and attorneys' fees at similar rates and in similar ranges. *See, e.g.*, *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. JH Shades & Draperies, Inc.*, No. 25-CV-02629 (JAV), 2025 WL 2208290, at *3 (S.D.N.Y. Aug. 4, 2025) (awarding $1,648 in attorneys' fees and $119.50 in costs); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. FC Installations Inc.*, No. 24-CV-8184 (VSB) (JW), 2025 WL 4053458, at *5 (S.D.N.Y. July 11, 2025) (awarding $518.70 in costs for court fees and recognizing that courts "in this district routinely permit the recovery of such service and court costs."); *Trs. of the New York City Dist. Council of Carpenters Pension Fund v. AAA Windows & Doors Corp.*, No. 1:25-CV-2646-GHW, 2025 WL 1898539, at *7 (S.D.N.Y. July 8, 2025) (finding $325 per hour for an associate reasonable and awarding $3,925.50 in attorneys' fees and $542.90 in costs); *Wine, Liquor, & Distillery Workers' Union, UFCW Loc. 1-D Pension Fund v. Sherry-Lehmann, Inc.*, No. 24-CV-04945 (LGS)(SN), 2025 WL 1167023, at *5 (S.D.N.Y. Feb. 27, 2025) (finding $300 per hour for a junior associate reasonable and awarding $1,523.78 in costs); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund*, *Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. BP Interiors Corp.*, No. 23 CIV. 10692 (VM), 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024) (awarding $2,542.00 in attorneys' fees and $80.00 in costs).

The Court therefore awards Petitioners a total of $1,715 in attorneys' fees and costs.

**C. Post-Judgement Interest**

The Court grants Petitioner's request for post-judgement interest.  Under Section 1961 of Title 28 of the United States Code, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  An award of post-judgment interest is mandatory, as of the date judgment is entered, on an award in civil cases.  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996).  Accordingly, the Court awards post-judgment interest to accrue from the date that judgment is entered until payment is made by Respondent.

<u>CONCLUSION</u>

The petition to confirm the Arbitration Award is GRANTED.  The Court awards judgment in Petitioner's favor in the amount of: (i) $42,981.12, plus interest to accrue from April 30, 2025 at the annual rate of 9.5%; (ii) an additional $1,715 in attorneys' fees and costs related to this action; and (iii) post-judgment interest at the statutory rate accruing from the date of judgment until Respondent has paid the full award.

The Clerk of the Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:   June 1, 2026**
         **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**